IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIA LEEZER, on her own behalf and as the administrator of the ESTATE OF JAMESON LEEZER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK SHAW, TERRY MCCANN, ANTHONY RAMOS, OFFICER BASS, MARVIN REED, RICHARD CONNER, UNKNOWN ILLINOIS DEPARTMENT OF CORRECTIONS OFFICERS AND OFFICIALS, MICHAEL RANDLE, and ROGER WALKER, JR., all in their individual capacities;<br><br>    Defendants. | Case No. 10-cv-1219<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Now comes Plaintiff Claudia Leezer, on her own and as the administrator of the Estate of Jameson Leezer, by her attorneys, Loevy & Loevy, and complains against Defendants Frank Shaw, Terry McCann, Anthony Ramos, Officer Bass, Marvin Reed, Unknown Illinois Department of Corrections Officers and Officials, Michael Randle, Roger Walker, Jr., (collectively "IDOC Defendants"), and Richard Conner as follows:

### Introduction

1. This is an action under 42 U.S.C. § 1983 and state laws to recover damages for the death of Jameson Leezer. Mr. Leezer was killed by his cellmate Richard Conner at Stateville Correctional Center on April 2, 2009, two weeks before Mr. Leezer was scheduled to be released from prison.

2. Mr. Conner's murder of Mr. Leezer was entirely foreseeable to the IDOC Defendants. Mr. Conner is among the most violent and dangerous of the criminals in the Illinois prison system. He is a convicted murderer, sentenced to life imprisonment without the possibility of parole, and when he attacked Mr. Leezer he had been a recent transfer from the state's Supermax prison at Tamms to Stateville Correctional Center following a suicide attempt.

3. Mr. Leezer, on the other hand, was a petty criminal whom IDOC officials had deemed "vulnerable."

4. Despite the obvious risk, the IDOC Defendants placed the two men together in a cell a few months after Mr. Conner and Mr. Leezer had each been transferred to Stateville. The two inmates would spend 23 hours a day in an 8-by-12-foot cell. Mr. Leezer immediately and repeatedly requested to be separated from Mr. Conner on the grounds that he was at risk of an attack. The IDOC Defendants ignored each such request.

5. On April 2, 2009, two weeks prior to Mr. Leezer's release date, Mr. Conner strangled Mr. Leezer to death in their cell.

## Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under a federal statute, 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper because a substantial portion of the events giving rise to the claims occurred in this judicial district.

## Parties

8. Claudia Leezer is the mother of Jameson Leezer. She is a citizen of Florida.

9. The Estate of Jameson Leezer represents the rights and interests of Mr. Leezer. The Estate was opened in Will County, Illinois, on October 23, 2009. Ms. Leezer is the administrator of the Estate.

10. Defendant Frank Shaw became the acting warden of Stateville Correctional Center on or about March 1, 2009 and was the acting warden on April 1 and 2, 2009. On information and belief, Mr. Shaw is a citizen of Illinois.

11. Defendant Terry McCann was the warden of Stateville Correctional Center from about November 1, 2006 until about February 28, 2009. On information and belief, Mr. McCann is a citizen of Illinois.

12. Defendant Anthony Ramos was the acting warden of Stateville Correctional Center and prior to that was a superintendent of the segregation unit at Stateville Correctional Center. On information and belief, Mr. Ramos is a citizen of Illinois.

13. Defendant Officer Bass is the chief of assignments at Stateville Correctional Center. On information and belief, Mr. Bass is a citizen of Illinois.

14. Defendant Marvin Reed is the assistant warden in charge of operations at Stateville Correctional Center. On information and belief, Mr. Reed is a citizen of Illinois.

15. Defendants Unknown Illinois Department of Corrections Officers and Officials are those as-yet-unidentified Illinois Department of Corrections ("IDOC") officers and officials who placed Mr. Conner in Mr. Leezer's cell, and/or approved such placement, and/or failed to separate Mr. Conner and Mr. Leezer, and/or approved such failure to separate Mr. Conner and Mr. Leezer.

16. Defendant Michael Randle is the Director of IDOC. On information and belief, Mr. Randle is an Illinois resident.

17. Defendant Roger Walker, Jr., was the Director of IDOC immediately prior to Defendant Randle. On information and belief, Mr. Walker is an Illinois resident.

18. Defendants Shaw, McCann, Ramos, Bass, Randle, Reed, Walker, and Unknown IDOC Officers and Officials are collectively referred to as "IDOC Defendants" in this Complaint.

19. Defendant Richard Conner is an Illinois citizen and inmate of IDOC. On information and belief, Mr. Conner is presently housed at the state's Supermax prison in Tamms, Illinois.

**Factual Allegations**

20. Mr. Leezer was born in 1972. He was raised in Bolingbrook and Lisle, Illinois.

21. Mr. Leezer had a history of petty crimes. Mr. Leezer also had a history of mental illness, including spending time in psychiatric hospitals.

22. In 2006, Mr. Leezer began serving a five-year sentence for possession of a stolen vehicle.

23. In late 2008, Mr. Leezer was transferred from the medium-security prison at Pinckneyville to the maximum-security prison at Stateville because Mr. Leezer allegedly made a sexually suggestive comment to an IDOC guard.

24. When Mr. Leezer arrived at Stateville, prison officials determined Mr. Leezer was a "vulnerable" prisoner, meaning that dangerous inmates were supposed to be kept away from Mr. Leezer.

25. Mr. Conner was exactly the kind of dangerous inmate who was supposed to be kept away from Mr. Leezer.

4

26. Mr. Conner was born in Chicago in 1971. In 1975, after he had moved to Alabama with his family, Mr. Conner's mother was shot and killed at the grocery store where she worked.

27. Mr. Conner returned to Chicago in the mid-1980s and joined the Four Corner Hustlers, using and dealing illegal drugs.

28. In 1991, Mr. Conner walked into a Chicago jewelry store, displayed a handgun, and informed the store clerk "I'm going to kill you." Mr. Conner then shot and killed the clerk and left the store with cash and jewelry.

29. In 1993, Mr. Conner was convicted for this murder and armed robbery and sentenced to life imprisonment without parole.

30. While in prison, Mr. Conner informed IDOC counselors that he suffered from chronic depression because of his mother's slaying. Mr. Conner also reported hearing voices telling him to hurt himself and others.

31. In August 2006, Mr. Conner was sent to the state's Supermax prison at Tamms as punishment for attacking an IDOC guard.

32. Conditions at Tamms are extremely harsh – and meant to be. Prisoners sit in solitary confinement in 7-by-12-foot cells at least 23 hours a day. Meals are placed in cells through a chuckhole so that prisoners do not even see other humans at mealtime. Contact with the outside world is extremely restricted and prisoners must remain chained to concrete for the rare visits they receive. There are very few educational opportunities and no jobs.

33. In December 2008, Mr. Conner injured his kidneys while attempting to hang himself. After that, he was transferred to Stateville, one of two IDOC facilities where inmates can receive dialysis treatment.

5

34. On March 19, 2009, IDOC Defendants placed Mr. Conner in Mr. Leezer's cell at Stateville.

35. At the time they placed Mr. Conner in Mr. Leezer's cell, IDOC Defendants were aware that Mr. Conner had a history of violence inside and outside of prison, that IDOC had deemed Mr. Leezer a "vulnerable" inmate, that Mr. Conner suffered from depression and heard voices telling him to hurt others, that Mr. Conner was sentenced to life imprisonment without possibility of parole, that Mr. Conner was classified as a Supermax inmate while Mr. Leezer had a medium-security classification, that Mr. Conner was a dangerous and violent individual, and that Mr. Conner was an African-American while Mr. Leezer was perceived to be a white supremacist.

36. Prior to March 19, 2009, Mr. Conner had not been placed in a cell with another prisoner for more than two years.

37. When Mr. Conner received his dialysis treatment, IDOC officials and officers kept Mr. Conner shackled.

38. When Mr. Conner was placed in Mr. Leezer's cell on March 19, 2009, Mr. Leezer immediately requested that they be separated. IDOC Defendants ignored this request.

39. Mr. Conner and Mr. Leezer proceeded to spend 23 hours a day locked up together in their small cell without interruption. Although the IDOC officials considered Mr. Conner to be sufficiently dangerous that he had to be shackled even during medical treatment, a fact known to the IDOC Defendants, they took no steps to protect Mr. Leezer from Mr. Conner.

40. For the next two weeks, up until Mr. Conner killed Mr. Leezer, Mr. Leezer continued to repeatedly request that they be separated. The IDOC Defendants ignored all of these repeated requests.

41. Sometime during the night of April 1-2, 2009, Mr. Conner killed Mr. Leezer by strangling him to death.

42. On April 2, 2009, IDOC officers came to Mr. Leezer's and Mr. Conner's cell, observed Mr. Leezer's lifeless body, whereupon Mr. Conner informed them that he had killed Mr. Leezer.

43. For years preceding this murder, prison officials have been on notice of the risks associated with housing prisoners like Mr. Leezer and Mr. Conner together, and minimum standards have long required separating such prisoners.

44. In May 2009, after Mr. Leezer's murder, IDOC instituted a new policy that all prisoners assigned to Tamms Supermax shall be put in a solitary cell when transferred to another prison for medical care, court appearances, or any other reason.

### Count I: 42 U.S.C. § 1983
### Violation of Constitutional Rights

45. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

46. By the conduct described in this Complaint, IDOC Defendants violated Mr. Leezer's rights under the United States Constitution.

47. IDOC Defendants had actual knowledge that Mr. Conner posed a substantial risk to Mr. Leezer's life and physical safety.

48. IDOC Defendants were deliberately indifferent to Mr. Leezer's life and physical safety by disregarding the substantial threat that Mr. Conner posed to Mr. Leezer.

49. IDOC Defendants maliciously and willfully disregarded Mr. Leezer's constitutional rights.

50. IDOC Defendants acted under color of law when they took the actions described in this Complaint.

51. Mr. Leezer and Plaintiff suffered damages as a result of this violation of his constitutional rights.

52. Pursuant to 42 U.S.C. § 1983, IDOC Defendants are liable to Plaintiff for their violation of Mr. Leezer's constitutional rights.

## Count II: State Law Claim
## Intentional Infliction of Emotional Distress

53. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

54. The acts of IDOC Defendants described in this Complaint constituted extreme and outrageous conduct.

55. This extreme and outrageous conduct was rooted in an abuse of power and authority.

56. This extreme and outrageous conduct was undertaken with intent and/or knowledge that the conduct was extremely likely to inflict emotional distress on Mr. Leezer and/or Ms. Leezer.

57. Mr. Leezer and Plaintiff suffered damages as a result of the intentional infliction of emotional distress by IDOC Defendants.

### Count III: State Law Claim under 740 ILCS 180/1
### Illinois Wrongful Death Statute

58. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

59. Mr. Leezer's death was caused by the wrongful conduct of IDOC Defendants and Mr. Conner.

60. Pursuant to the Illinois Wrongful Death Statute, 740 ILCS 180/1, IDOC Defendants and Mr. Conner are liable to Plaintiff for causing Mr. Leezer's death.

### Count IV: State Law Claims Preserved by 755 ILCS 5/27-6
### Illinois Survival Statute

61. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

62. Prior to his death, Mr. Leezer suffered personal injuries inflicted on him by the Defendants, including but not limited to, assault, battery, intentional infliction of emotional distress, pain and suffering, and willful and wanton misconduct.

63. Pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6, IDOC Defendants and Mr. Conner are liable to Plaintiff for the personal injuries Mr. Leezer suffered prior to his death.

### Count V: 42 U.S.C. § 1983
### Deliberate Indifference Against Defendants Randle and Walker, Jr.

64. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

65. Defendants Randle and Walker, Jr. were responsible for enforcing a policy or practice of violating inmates' constitutional rights.

66. In taking the actions described in this Complaint, Defendants Randle and Walker, Jr. acted under color of state law.

67. In particular, Defendants Randle and Walker, Jr. have enforced and/or condoned a custom or policy of placing extremely dangerous inmates, such as Mr. Conner, in cells with weaker inmates in order to punish the weaker inmates. As an example, in February 2004, Menard Correctional Center inmate Corey Fox murdered his cellmate, Joshua Daczewitz. Similar to Mr. Leezer, Mr. Daczewitz had been assigned to a medium-security prison until breaking a prison rule, which caused him to be transferred to the maximum-security prison at Menard. Also, similar to Mr. Conner, Mr. Fox was a murderer facing life imprisonment. Following this incident, Defendants Randle and Walker, Jr. took no steps to remedy the practice nor to change the policy.

68. Mr. Leezer and Plaintiff suffered damages as a result of Defendant Randle's and Walker, Jr.'s actions.

## Jury Demand

Plaintiff Claudia Leezer, on her own behalf and as the administrator of the Estate of Jameson Leezer, demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Claudia Leezer, on her own behalf and as the administrator of the Estate of Jameson Leezer, requests entry of judgment in her favor and against Defendants awarding:

Compensatory damages;

Punitive damages against the individual Defendants in their individual capacities;

Costs;

    Attorney fees;

    And whatever relief this Court deems proper.

                                                     Respectfully submitted,

                                                     Claudia Leezer, on her own behalf and as the administrator of the Estate of Jameson Leezer

                                                     By: _____/s/Heather Lewis Donnell_____
                                                    One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Mike Kanovitz
Daniel M. Twetten
Heather Lewis Donnell
Loevy & Loevy
312 North May St., Suite 100
Chicago, Illinois 60607
(312) 243-5900